IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARSHA ANNE SWANSTROM, DAVID LEE SWANSTROM, and WALTER E. ADAMS, <br><br>Plaintiffs, <br><br>v. <br><br>GRANDVIEW APARTMENTS, <br><br>Defendant. | CASE NO. 4:10CV3067 <br><br>MEMORANDUM AND ORDER |

Plaintiffs filed their Complaint on April 20, 2010. (Filing No. 1.) Plaintiffs have previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiffs filed their Complaint on April 20, 2010, against Grandview Apartments. (Filing No. 1 at CM/ECF p. 1.) Defendant is an Apartment Complex located in Grand Island, Nebraska. (*Id*.) Plaintiffs currently reside in Grand Island, Nebraska. (*Id*.)

Plaintiffs' Complaint is difficult to decipher. As best as the court can tell, Plaintiffs allege that Defendant wrongfully evicted Plaintiffs from their apartment because they made too much noise moving in. (*Id*. at CM/ECF pp. 2, 4.) Plaintiffs seek $950,000.00 in monetary damages. (*Id*. at CM/ECF pp. 1, 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Because Plaintiffs' allege their claims arise under the Constitution or laws of the United States, the court liberally construes Plaintiffs' Complaint to allege a section 1983 claim against Defendant. (Filing No. 1 at CM/ECF p. 4.) To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs,* 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff

2

must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Here, Plaintiffs do not allege that Defendant is a state actor or that Defendant's actions were fairly attributable to the state. Moreover, Plaintiffs do not describe any violation of their federal rights. Thus, Plaintiffs have failed to allege sufficient facts to state a federal claim against Defendant upon which relief may be granted. However, because Plaintiffs may have a state law claim for wrongful eviction, the court will dismiss Plaintiffs' Complaint without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 4th day of May, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.